Marin KOLENDREKAJ, Vera Kolendrekaj, Gabriel Kolendrekaj, Petitioners,

v.

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

Nos. 04–4013–AG(L), 04–4017–AG (CON).

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Kai W. De Graff New York, New York, for Petitioner.

Jimmy L. Croom, Assistant United States Attorney, Jackson, Tennessee, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Marin, Vera, and Gabriel Kolendrekaj, through counsel, petition for review of the BIA's order affirming the decision of an immigration judge (IJ) that denied their claims for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jun Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–82 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–12 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287–90 (2d Cir.2000). Where, as here, the BIA summarily affirms the IJ's opinion, this Court reviews the IJ's decision directly. *Secaida–Rosales*, 331 F.3d at 305.

■ In the proceedings below, the IJ found that both Marin and Vera Kolendrekaj, the only two testifying witnesses, were not credible. His conclusion was based "not only on their demeanor while testifying, but also on the rationality, internal consistency, and inherent persuasiveness of their testimony." We hold that this conclusion is supported by substantial evidence.

The IJ found numerous inconsistencies. Specifically, the IJ noted that while Kolendrekaj testified that officers of the Albanian Socialist Party tore up his business records and property deeds in October 1997, and again in October 1998, his written asylum application indicated that the officers destroyed his business records in September 1998. Moreover, Kolendrekaj's wife's account—that the officers destroyed her husband's business in 2001—was inconsistent with both Kolendrekaj's testimony and written application. Kolendrekaj's wife also testified that 1) her husband came home beaten "almost every, every night;" and 2) her husband was arrested and jailed for one week during their marriage. But, as the IJ noted, Kolendrekaj's testimony did not corroborate these facts. Rather, he testified that he was 1) only sporadically subjected to physical violence, and 2) detained in 1980, prior to their marriage.

These inconsistencies involve "the heart of the asylum claim," *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002) (internal quotation marks omitted), and are not "minor and isolated" disparities. *Diallo*, 232 F.3d at 288. As such, the IJ's reliance on them provides a "specific, cogent reason[ ]" that "bear[s] a legitimate nexus" to his conclusion that petitioners' claims are incredible. *Secaida–Rosales*, 331 F.3d at 307 (internal quotation marks omitted). His ultimate conclusion that petitioners' claims were incredible was therefore supported by substantial evidence.

■ The IJ also relied, however, on two bases which we find questionable. First, the IJ found curious the absence of any mention of Kolendrekaj's persecution in the letter submitted on his behalf by the Albanian Democratic Party. We cannot agree that this omission casts doubt on Kolendrekaj's credibility. The IJ's conclusion—that because Kolendrekaj had a "high position with the [Democratic] party [he] would have been able to get something more specific"—is based on an

impermissible speculation about what should have been included in the letter. There is nothing in the record capable of supporting the conclusion that the letter was submitted to prove that Kolendrekaj was subjected to physical harm. Rather, the substance and tone of the letter indicate that its purpose was simply to verify Kolendrekaj's membership in the Democratic party. Second, the IJ found "highly unusual" Kolendrekaj's decision not to report to the police the beatings inflicted during the public elections. We find reliance on this omission to be misplaced because Kolendrekaj offered a plausible explanation for his inaction—the police were in league with the perpetrators—but the IJ failed consider that explanation. *See Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 402–03 (2d Cir. 2005); *Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir.2005). For these reasons, the IJ should not have relied on these two omissions to support his adverse credibility finding. These errors, however, do not mandate a remand.

We have recently held that a remand is futile when "the reviewing court can 'confidently predict' that the IJ would reach the same decision absent the errors that were made." *Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d 144, 161–62 (2d Cir.2006) (quoting *Cao He Lin*, 428 F.3d at 395). In this case, we conclude that "based on the strength of evidence supporting the error-free findings and the significance of those findings, it is clear that the IJ would adhere to his decision were the petition remanded." *Id.* Thus, notwithstanding the two errors identified in the IJ's ruling, we will nevertheless deny the petition for review because the IJ's "analysis is otherwise supported by substantial evidence and we can state with confidence that the same decision would be made upon remand." *Id.; accord Cao He Lin*, 428 F.3d at 401 ("[W]e are not re-

quired to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion.").

Because Kolendrekaj and his wife have been found to be incredible, they cannot demonstrate a well-founded fear of persecution and therefore are ineligible for asylum. *Ramsameachire*, 357 F.3d at 182. And, because the only evidence of a threat to petitioners' life or freedom depended upon their credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003). Finally, because petitioners did not raise their CAT claims before the BIA, and do not raise them here, those claims are both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005); *Gill v. INS*, 420 F.3d 82, 85–86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).